BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
---------------------------------------------------------------------

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

BAY PARK CENTER FOR NURSING & REHABILITATION LLC et al.
Plaintiffs,

-v-

BENT PHILIPSON, et al
Defendants.

Case 2:20-cv-06291
---------------------------------------------------------------------------

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

BROAD COVERAGE SERVICE, INC., and DYNAMIC CLAIM SERVICES, INC.,
Plaintiffs,

v.

ORISKA INSURANCE COMPANY and RASHBI MANAGEMENT, INC.,
Defendants

Case No. 1:20-cv-11108
-----------------------------------------------------------------------------
UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

ALBERT E. PERCY AND PERCY JOBS AND CAREERS CORPORATION
Plaintiffs,

-v-

ORISKA CORP GENERAL CONTRACTING
Defendants.

Case No. 1:20-cv-06131-NGG-CLP
---------------------------------------------------------------------
MDL:  Case No.

**MEMORANDUM OF LAW**

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... 3

STATEMENT OF FACTS ....................................................................................................... 3

BACKGROUND ...................................................................................................................... 4

ARGUMENT ............................................................................................................................ 7

    **The Related Actions Involve Common Questions of Fact** ..................................... 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

### Cases

In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969). .................................................................................................................................... 7

### Statutes

28 U.S.C §1331 ............................................................................................................................. 3

28 U.S.C. § 1407(a). ..................................................................................................................... 7

28 U.S.C. §1441 ........................................................................................................................ 3, 4

29 U.S.C. § 1001 ........................................................................................................................... 4

29 U.S.C. §1003 of ERISA ........................................................................................................... 3

42 U.S.C. § 2000e-2(k)(1) ............................................................................................................ 5

42 U.S.C. 1981 and 1985 .............................................................................................................. 4

42 U.S.C. 1981, 1983, and 1985 ................................................................................................... 5

42 U.S.C. 2000 e-2 ........................................................................................................................ 5

42 U.S.C. 2000e-2 ......................................................................................................................... 4

### Rules

§1407's Standards for Coordination and Consolidation of Pretrial Proceedings .......................... 7

## STATEMENT OF FACTS

1. This litigation presently consists of three class actions (the "Related Actions"), involving common questions of law and fact relating Employment Retirement Income Security Act ("ERISA") benefits.

2. To date, the Related Actions have been filed in the Eastern District of New York and the Southern District of New York:

- Rockland County Supreme Court Index No. 034480/2013. The employee Class Defendant has removed this action to SDNY Case No. 1:20-cv-11108.

- Nassau County Supreme Court Index No. 609877/2019. The employee Class Defendant has removed this action to EDNY Case 2:20-cv-06291 and

- EDNY Case No. 1:20-cv-06131-NGG-CLP commenced as a plenary action,

pursuant to 28 U.S.C. §1441 as actions over which this Court has federal question jurisdiction under 28 U.S.C §1331.

3. Eventually, there will be cases from the Eastern, Southern, Northern and Western Districts of New York, the additional cases added as tagalong cases. As of the date of this Application, it is respectfully requested that the SDNY Case No. 1:20-cv-11108 be treated as a related case to Eastern District of New York Case 17-cv-1302 or 20-cv-06131.

## BACKGROUND

4. The benefits at issue include, among other benefits as enumerated in 29 U.S.C. §1003 of ERISA, training and apprenticeship to acquire skills as a right and a fact of equal employment opportunity. The benefits were denied the employee Class under a plan ("Plan") sponsored by Employer Defendants under a program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program of 24 hour protection for employees, established under 29 U.S.C. §1003 of ERISA as an "employee benefit plan". The Plan was sponsored by identified Employer Defendants, as a welfare plan. The Employer Defendants' failure to provide benefits is the direct and proximate cause of the tragedy occurring in the Employer Defendants nursing

home and healthcare facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic, and is the direct proximate cause of the damage to the Class of employees, to patients in facilities, as well as exposing the general public; all traceable to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

5. A motion made by Plaintiff in Intervention to intervene in an action that was pending in Nassau County Supreme Court Index 609877/2019, was granted by Order attached as Exhibit "1" to the attached Notice of Removal in the Eastern District of New York Case No. 2:20-cv-06291 as the complaint in Case No. 2:20-cv-06291.

6. Plaintiff in Intervention in its civil action in intervention named the Class Defendant as the real party in interest, filing an Amended Complaint in Intervention on December 28, 2020, attached as Exhibit "2" to the attached Notice of Removal in the Eastern District of New York Case No. 2:20-cv-06291 as the complaint in Case No. 2:20-cv-06291.

7. The Class seeks recovery pursuant to 28 U.S.C. §1441 as actions over which the Federal Court has jurisdiction under 28 U.S.C §1331. These cases raise a federal questions in that the Plaintiff in Intervention raises claims that are "completely preempted" by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

8. Moreover, recovery is sought under 42 U.S.C. 1981 and 1985 for acts of the Employer Defendants, the Owner Operator Defendants and the Prohibited Transaction Defendants, in concert with New York State Officer Defendants under color of law in violation of 42 U.S.C. 1983. The 42 U.S.C. 1983 causes of action involve denial of equal protection and due process of law under the 1st, 5th and 14th Amendments to the United

States Constitution for denial of equal protection and due process of laws, and for denial of right of assembly, as well as violation of 42 U.S.C. 2000e-2 for refusal of the Employer Defendants to adopt and implement the Program as an Alternative Employment Practice.

9. Further, there is a related class action 20-cv-06131 pending in the Eastern District of New York regarding unlawful employment practice for failure to adopt a less discriminatory alternative method of employment practice ("Alternative Employment Practice").

10. The cases demonstrate an alternative employment practice, under subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The denial of the Alternative Employment Practice by the Employer Defendants injures disadvantaged persons prompting an action under 42 U.S.C. 2000 e-2. The Employer Defendants are liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

11. The State of New York is implicated in all of these cases, including the cases to be added to this Application as tagalong cases, by the failure of Executive Order 45 (9 NYCRR 3.45), and complicity under color of law in the wrongful acts of the Employer Defendants, the Owner Operator Defendants, and the Prohibited Transaction Defendants, as a causes of action in favor of the Class for damages for violation of 42 U.S.C. 2000 e-2, 42 U.S.C. 1981, 1983, and 1985, under the 1st, 5th and 14th Amendments to the United States Constitution, for denial of equal protection and due process of laws, and for denial of right of assembly as recited in the Removed Actions.

12. The violation of ERISA by failing to provide benefits, the failure to adopt the Alternative Employment Practice, the diversion, conversion and embezzlement of ERISA plan assets by prohibited transactions, is the direct and proximate cause of the tragedy

that occurred and is occurring in the Employer Defendants' nursing home and Health Care facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic. The proximate cause of the damage to the Class as well as to patients and the general public can be traced to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

## ARGUMENT

13. Transfer of the cases identified in this Application to one forum is essential so that they may be coordinated or consolidated for pretrial proceedings. This is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judges in the federal judicial districts in which the Related Actions have been filed. Coordination is appropriate both to maximize convenience and efficiency in discovery based on the common factual allegations, and also to avoid inconsistent rulings. Thus, transfer and coordination or consolidation will further the convenience of the parties and witnesses and promote efficiency and judicial economy.

14. The most appropriate forum for transfer and coordination or consolidation is the Eastern District of New York. Supporting transfer and coordination or consolidation in the Eastern District of New York are the following factors: (1) A large portion of the Class is in Queens, Kings and Nassau Counties and that the Class has been subjected to acts that have transpired in the Eastern District of New York, making it likely that evidence and witnesses relevant to the related actions will be located within the Eastern District of New York; (2) the Court in the Eastern District of New York has the requisite experience and is well-equipped to preside over this multidistrict litigation.

15. Central to the Panel's consideration of transfer are the goals of eliminating duplicative discovery, avoiding conflicting rulings and schedules, and minimizing burdens on the parties, witnesses, and courts. See Manual for Complex Litigation (Fourth) § 20.131 (2004); In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969).

16. The Related Actions meet §1407's Standards for Coordination and Consolidation of Pretrial Proceedings.

17. The Multidistrict Litigation statute allows for coordination and consolidation of civil actions in difference federal district courts where they involve common questions of fact, where consolidation is convenient for the parties and witnesses, and when it will promote the just and efficient conduct of the consolidated actions. 28 U.S.C. § 1407(a). The cases currently pending should transferred for coordination and consolidation of pretrial proceedings. The Eastern District of New York is the most appropriate forum for such transfer.

18. Accordingly, the Related Actions should be coordinated or consolidated in the Eastern District of New York pursuant to 28 U.S.C. §1407.

**The Related Actions Involve Common Questions of Fact**

19. To be consolidated under 28 U.S.C. §1407(a), all cases are required to have common questions of fact. 28 U.S.C. § 1407(a). The Related Actions focus on the same alleged misconduct by Defendants. Common questions of fact of substantially overlapping factual allegations and legal issues merit transfer and coordination or consolidation.

## CONCLUSION

For the foregoing reasons, completion of the pre-trial proceedings in the Eastern District of New York, will the most appropriate forum, together with such other and additional relief as to the Court may seem just and proper.

Respectfully submitted this day of January 6, 2021

        James M. Kernan, Esq.
        KERNAN PROFESSIONAL GROUP, LLP

        s/_____
        By: s/James M. Kernan
        Bar Roll No. JK1242
        Office and Post Office Address
        26 Broadway, 19th Floor
        New York, New York 10004
        Telephone: (212)986-3196
        Facsimile: (212)656-1213
        Email: jkernan@kernanllp.com

CASES THUS FAR UNDER THIS APPLICATION TO THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:

    1. EDNY Case No. 2:20-cv-06291-GRB-AKT Bay Park Center for Nursing & Rehabilitation LLC et. al. v. Philipson et al;

    2. SDNY Case No. 1:20-cv-11108 BROAD COVERAGE SERVICE, INC. et al v. Oriska Insurance Company et al.

    3. EDNY Case No. 1:20-cv-06131-NGG-CLP Percy et al v. Oriska Corp General Contracting Quality